IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR JACKSON COUNTY, FLORIDA

STATE OF FLORIDA,
*ex. rel.* FREDA COBB,
LYNN PADGETT,

      **Plaintiff(s),**

**vs.**                                                  CASE NO: 10-306 CA

THE UNITED STATES DEPARTMENT OF
JUSTICE, THE FEDERAL BUREAU OF
PRISONS, and UNICOR,

      **Defendants.**

_____/

### VERIFIED COMPLAINT FOR
### INJUNCTIVE RELIEF

    **COME NOW**, the Plaintiffs, **FREDA COBB** and **LYNN PADGETT**, private

citizens in the name of the State of Florida, bring the following verified Complaint

against the United States of America, the United States Department of Justice, the

Federal Bureau of Prisons, and Unicor, for maintaining a public nuisance in violation of

the *Florida Statutes, Chapter 823.05(1)*.

**JURISDICTIONAL ALLEGATIONS:**

    1.  Plaintiffs are private citizens residing in Jackson County, Florida, who bring

this suit in the name of the State of Florida as authorized by the *Florida Statutes, Chapter

60.05*.

    *2.*  Venue is proper in Jackson County, Florida in accordance with the *Florida

Statutes, Chapter 47.011*, as the cause of action arises in, and the prison facility and/or

its programs which constitute the subject of this instant cause of action is located in

Jackson County, Florida.

**GOVERNMENT
EXHIBIT
A**

## GENERAL ALLEGATIONS:

3.  Plaintiffs are private citizens who bring this instant lawsuit in the name of the State of Florida.

4.  The Plaintiffs enumerated herein are residents of Jackson County, Florida and are all former employees of the Defendant, Federal Bureau of Prisons, and the Defendant, Unicor, at the Federal prison facility indentified as FCI Marianna in Marianna, Florida.

5.  The Defendant, the U.S. Department of Justice (hereinafter to be referred to as the "DOJ"), is the supervisory entity to the Defendant, the Federal Bureau of Prisons (hereinafter to be referred to as "he "BOP"), which is a department and/or subsidiary of The Defendant, the DOJ.

6.  The Defendant, Unicor, is a quasi-public/private corporate endeavor wholly owned and/or operated by the Defendant, the BOP.

7.  The Defendant, BOP, manages and/or operates multiple Federal prison faci-pities throughout the country including, but not limited to, the Federal prison facility previously identified herein as FCI Marianna.

8.  FCI Marianna had previously been a military base prior to its subsequent demolition and conversion into a Federal prison facility in the former portion of the 1980's.

9.  At the various facilities operated by the Defendant, BOP, prison labor has been utilized under the ambit of the corporate Defendant, Unicor.  Prior to the inception of a comprehensive computer and medical equipment recycling program, the FCI Marianna specialized in the production of office furniture.

10. Subsequent to the close of furniture production activities, FCI Mariana

2

began conducting recycling operations therein.

11. In essence, computer and medical equipment from various government agencies began to be shipped in cargo trucks to FCI Marianna. Upon arrival at the prison in Marianna, the services of the inmates would be employed for the purpose of recycling any valuable components among said medical and computer equipment.

12. This process entailed demolishing and/or breaking computer monitors and other implements with the intention of salvaging precious metals, etc. The computer equipment that survived transport and the subsequent demolition intact has been re-sold to third party vendors, as well as individuals in Jackson County who came to the prison on designated days and participated in a "flea market style" purchase of computer goods.

13. During the course of establishing and/or maintaining the recycling program, the Defendants never deigned to establish safety protocols associated with the handling, sale, recycling, demolition, or inmate/prison employee interaction with the materials released into the environment when the computer equipment in question was broken and/or demolished.

14. To wit, the monitors that were—and are—being broken at FCI Marianna in connection with the recycling program contain, literally, several pounds of toxic metals including lead, cadmium, and borellium, which have been—and are—being released into the environment and causing individuals to suffer personal exposure in the form of inhalation and tactile contact with the metal dust.[1]

15. Over the years, inmates have walked throughout the prison with dust on their clothes causing everyone with whom they have come in contact with to suffer exposure.

---

[1] It is worthy of note that for a period of years, and even as recently as the date of the drafting of this instant Complaint, the inmates and/or prison personnel have not been provided respirators and no safety protocols have been instituted to quarantine toxic dust from getting outside into the environment.

corrections officials including, but not limited to, the Plaintiff, Freda Cobb, have had the dust all over their uniforms and brought the dust home to their families, having been none the wiser with respect to the adverse medical effects at the time.

16. Since the inception of the recycling program, innumerable prison employees, their families, inmates, and people in the community of Jackson County at large have fallen ill in connection with exposure. In excess of Fifteen (15) Persons have died to date from complications associated with exposure.

17. The Defendants performed a perfunctory review and/or investigation into the operations of FCI Marianna but were apparently frustrated in said review due to the fact that efforts were undertaken by Unicor personnel at the Marianna facility to clean the building and paint it prior to the arrival of inspectors so as to scuttle and/or distort the nature of the exposure occurring therein.

18. The Defendants also arranged for the transfer of inmates who were involved in the recycling program to prevent inspectors from learning about the lack of environmental procedures and/or protocols at the Marianna facility in conjunction with the fact that many inmates had fallen ill.[2]

19. Despite the skewed testing results deriving from the chicanery of the Defendants' agents and/or representatives, multiple recommendations have been recently given to the Marianna facility designed to stop the dissemination and/or outside, environmental exposure to toxic metals at FCI Marianna.

20. Pursuant to the Affidavits of both Delbert McKinney and Sandra McElvey, two (2) corrections officers who currently still work at FCI Marianna, toxic metals are

---

[2] Marianna Associate Warden Sanchez issued a memorandum at the time threatening to terminate anyone who divulged any information about clean-up or other activities at FCI Marianna.

still getting out into the environment on employees' and prisoners' clothing, broken monitors emanating toxic dust have been placed in cardboard boxes and transferred openly out of the facility on trucks and even been buried in the local landfill where they have likely infiltrated the water supply.

21. Officers McKinney and McElvey both verify that the environmental regulations and/or protocols mandated by the investigators subsequent to a review of the facility are not being followed and contaminated items are being washed on the premises with inmate clothing causing further spread and/or dissemination of toxic materials.[3]

22. Toxic dust from FCI Marianna is being expelled and/or released into the environment-at-large in Jackson County, Marianna to this day and multiple persons have lost and/or continue to lose their lives due to illness.

23. The *Florida Statutes*, Chapter 823.05(1), provides that "whoever shall erect, establish, continue, or maintain, own or lease any building, booth, tent or place which tends to annoy the community or injure the health of the community, or become manifestly injurious to the morals or manners of the people as described in s. 823.01, or any house or place of prostitution, assignation, lewdness or place or building where games of chance are engaged in violation of law or any place where any law of the state is violated, shall be deemed guilty of maintaining a nuisance, and the building, erection, place, tent or booth and the furniture, fixtures, and contents are declared a nuisance. All such places or persons shall be abated or enjoined as provided in ss. 60.05 and 60.06".

24. The Defendants collectively own and continue to operate and maintain the

---

[3] One (1) of the safety directives given to Marianna by inspectors was to ensure for the separate and/or isolated washing of clothes of persons associated with the recycling program on the premises so as to avoid instances of corrections officers bringing dust outside the prison and home to their families. This, of course, has not been implemented. Please refer to the Affidavits of Officers McKinney and McElvey, as appended hereto and marked as **Exhibits "1"** and **"2"**, respectively.

recycling program at the FCI Marianna facility in flagrant disregard for the health,

safety, and/or well-being of Jackson County, Florida, in violation of the *Florida Statutes,*

*Chapter 823.05(1)*. The Plaintiffs have satisfied all conditions precedent to the main-

tenance of the instant action and/or said conditions precedent have been, otherwise,

waived by the Defendants enumerated herein.

### COUNT ONE (1)
### CLAIM FOR TEMPORARY INJUNCTIVE RELIEF

25. Plaintiffs hereby reassert and incorporate by reference Paragraphs One (1)

through Twenty-Four (24), as if set forth in their entirety herein.

26. As contemplated and/or provided for the Florida Statutes, Chapter 60.05, the

Plaintiffs request a temporary injunction against the Defendants' operation of any recy-

cling activity at FCI Marianna.

27. Plaintiffs request, in order to preserve the status quo of the case, that the De-

fendants be enjoined from pursuing or adopting any regulations and/or protocols affec-

ting the evidence attendant to the instant matter.

28. Plaintiffs recognize that certain places seeking to be enjoined as a public nui-

sance by this suit affect the public-at-large. Therefore, the Plaintiffs request that the De-

fendants be enjoined from operating, maintaining, and/or engaging in any recycling acti-

vities including, but not limited to, the transfer from—or receipt of—any recycling

materials, computer and/or medical equipment intended for recycling at FCI Marianna; to

the fullest extent possible without harming or adversely affecting essential services criti-

cal to the public welfare.

## COUNT TWO (2)
## CLAIM FOR PERMANENT INJUNCTIVE RELIEF

29. Plaintiffs reallege and incorporate by reference Paragraphs One (1) through Twenty-Four (24), and Paragraphs Twenty-Six (26) through Twenty-Seven (27), as if set forth in their entirety herein.

30. Pursuant to the *Florida Statutes, Chapter 60.05*, the Plaintiffs request a permanent injunction against the Defendants.

31. Plaintiffs request Defendants be ordered to completely abate all public nuisances named in this verified Complaint including all recycling activities at the FCI Marianna facility in Jackson County, Florida.

**WHEREFORE**, Plaintiffs pray for the following relief against the Defendants:

1.) A temporary injunction enjoining the Defendants from pursuing any and all recycling activities at the FCI Marianna facility;

2.) A temporary injunction enjoining the Defendants from drafting, imposing, and/or otherwise implementing any safety protocols affecting the subject recycling program or cleaning/destroying/spoiling evidence related to said recycling program;

3.) A permanent injunction ordering the Defendants to completely abate all public nuisances set forth in this instant verified Complaint including the operation of the Unicor recycling program and the attendant pollution activities associated therewith;

4.) Award of litigation costs including, but not limited to, attorney' fees and costs, as provided for by the *Florida Statutes, Chapter 60.05*.

5.) Any such other relief as this Court should deem equitable and just.

UNDER PENALTY OF PERJURY, I SWEAR OR
AFFIRM THAT THE ALLEGATIONS ABOVE
ARE TRUE TO THE BEST OF MY KNOWLEDGE
AND BELIEF.


Respectfully Submitted:


By: _Freda Cobb_____

      Freda Cobb, Plaintiff


**STATE OF FLORIDA**
**COUNTY OF LEON**

    **SWORN AND SUBSCRIBED** to by **FREDA COBB**, who ( ) is Personally

known to me; or (✓) provided FL ID#: C100 247 60 720 0 ,

as identification

> H. RICHARD BISBEE
> Commission # DD 961662
> Expires April 9, 2014
> Bonded Thru Troy Fain Insurance 800-385-7019

                      Notary Public

(SEAL)            My Commission Expires:


Patrick R. Frank, Esq.
Florida Bar Number: 0642770
"Of Counsel"
Katherine Viker, Esq.
Florida Bar Number: 538531
H. Richard Bisbee, P.A.
1882 Capital Circle, N.E.
Suite 206
Tallahassee, Florida 32308
Telephone: (850) 386-5300
Facsimile: (850) 219-0053
Attorney(s) for Plaintiffs

**EXHIBIT ONE (1)**

**AFFIDAVIT**

STATE OF FLORIDA
COUNTY OF LEON

**I, DELBERT McKINNEY,** after being duly sworn, deposes and states:

1. I am an adult male over the age of Eighteen (18) Years and, otherwise, competent to give the instant affidavit.  I have personal knowledge of the matters set forth herein.

2. I am currently employed in the capacity as a Corrections Officer with the Federal Bureau of Prisons in Marianna, Florida.

3. I have directly observed and worked with the recycling operations managed and/or maintained by the Federal Bureau of Prisons and Unicor.

4. During the course of the last year, inspectors have come to the Federal prison in Marianna, Florida to conduct testing and/or perform inspections of the facilities in connection with the recycling program occurring on the premises.

5. Prior to the arrival of the individuals performing testing at the facility, the entire recycling factory was extensively cleaned, painted and sealed.  During the time testing occurred, the recycling operations were brought to a halt until such time as the testing was completed.  Employees of Unicor were threatened by management if any information was divulged with regard to the clean-up operation.

6. Sometime after the testing was performed, safety protocols and/or recommendations were made to prevent and/or minimize worker and/or civilian exposure to toxic dust contained in the computers recycled at the Marianna facility.

7. Despite recommendations to the contrary, the semi-trailers and/or trucks which are used to transport the computer equipment for recycling have been inundated with broken glass and/or toxic dust on the beds/floors of the same. these trailers and/or trucks are entering and/or exiting the facility on a daily basis with staff, inmates, and civilians in regular contact with the same.

8. Virtually all of the safety protocols recommended to be followed in connection with the above-styled inspections have not been followed—to wit, the directive to use vacuuming in lieu of sweeping toxic dust has not been followed.  Separate laundering facilities to isolate the toxic dust on clothing

1

were supposed to be established to contain the toxic dust and prevent in-inmates from carrying the dust into the prison population as well as prison employees taking toxic dust home to their families. By way of addition, the rags used to clean the facility which are covered in lead solvent and the very same toxic dusts giving rise to the need for cleaning have been routinely washed with inmate clothing, thereby creating cross-contamination and continuing environmental health concerns.


**FURTHER AFFIANT SAYETH NAUGHT.**


I have read the foregoing affidavit and swear under penalty of perjury that it is true to the best of my knowledge.


_Delbert McKinney_
DELBERT McKINNEY


Sworn to and subscribed before me this 13 day of April, 2010, by Delbert McKinney, who provided FL ID# M 25 0172 54 401-0 , as identification.


H. RICHARD BISBEE
Commission # DD 961662
Expires April 9, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

Notary Public
My Commission Expires:


(SEAL)

2

**EXHIBIT TWO (2)**

## AFFIDAVIT

**STATE OF FLORIDA**
**COUNTY OF LEON**

    **I, SANDRA McELVEY**, after being duly sworn, deposes and states:

1. I am an adult female over the age of Eighteen (18) Years and, otherwise, competent to give the instant affidavit.  I have personal knowledge of the matters set forth herein.

2. I am currently employed in the capacity as a Corrections Officer with the Federal Bureau of Prisons in Marianna, Florida.

3. I have directly observed and have knowledge about the recycling operations managed and/or maintained by the Federal Bureau of Prisons and Unicor.

4. During the course of the last year, inspectors have come to the Federal prison in Marianna, Florida to conduct testing and/or perform inspections of the facilities in connection with the recycling program occurring on the premises.

5. Prior to the arrival of the individuals performing testing at the facility, the entire recycling factory was extensively cleaned, painted and sealed.  During the time testing occurred, the recycling operations were brought to a halt until such time as the testing was completed.

6. Sometime after the testing was performed, safety protocols and/or recommendations were made to prevent and/or minimize worker and/or civilian exposure to toxic dust contained in the computers recycled at the Marianna facility.

7. Despite recommendations to the contrary, the semi-trailers and/or trucks which are used to transport the computer equipment for recycling have been inundated with broken glass and/or toxic dust on the beds/floors of the same. these trailers and/or trucks are entering and/or exiting the facility on a daily basis with staff, inmates, and civilians in regular contact with the same.

8. Virtually all of the safety protocols recommended to be followed in connection with the above-styled inspections have not been followed—to wit, the directive to use vacuuming in lieu of sweeping toxic dust has not been followed.  Separate laundering facilities to isolate the toxic dust on clothing were supposed to be established to contain the toxic dust and prevent in-inmates from carrying the dust into the prison population as well as prison

1

employees taking toxic dust home to their families.

### FURTHER AFFIANT SAYETH NAUGHT.


I have read the foregoing affidavit and swear under penalty of perjury that it is true to the best of my knowledge.


SANDRA McELVEY


Sworn to and subscribed before me this 13 day of April, 2010, by Sandra McElvey, who provided FL ID# M24 784 64 8 08 0 , as identification.


H. RICHARD BISBEE
Commission # DD 961662
Expires April 9, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

Notary Public
My Commission Expires:


(SEAL)

2

# IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR JACKSON COUNTY, FLORIDA

STATE OF FLORIDA,
*ex rel.* FREDA COBB,
LYNN PADGETT,

Case No.: 10-306 CA

      **Plaintiff,**

vs.

THE UNITED STATES DEPART-
MENT OF JUSTICE, THE
FEDERAL BUREAU OF PRI-
SONS, AND UNICOR,

      **Defendants.**
_____/

## SUMMONS

TO:   **FEDERAL BUREAU OF PRISONS**

      *c/o* **DIRECTOR OF THE FEDERAL BUREAU OF PRISONS,**
          **HARLEY G. LAPPIN,**
          **320 FIRST STREET, N.W.**
          **WASHINGTON, D.C. 20534**

## IMPORTANT

     A lawsuit has been filed against you in this Court. You have **20 Calendar Days** after receiving this Summons to file your written response to the attached Complaint. This response must be filed with the Clerk of Court at the address shown below.

     If you do not file your response on time, you may lose your case. (The Court could enter a Judgment in favor of the Plaintiff and you could lose wages, money, and property without further warning).

     You may want to contact an Attorney right away, as Court proceedings can get involved, and advice of Counsel could be very important to you. If you do not know an Attorney, you may call an Attorney Referral Service or a Legal Aid Office listed in the phone book. If you do not hire an Attorney and choose to represent yourself in Court, make sure that your response contains the case number and the names of the Parties (as shown at the top of this page). If you choose to file a written response yourself, at the

same time you file your written response to the Court, you must also mail or take a copy of your written response to the Attorney serving this summons:

**H. RICHARD BISBEE, P.A.**
**1882 CAPITAL CIRCLE, N.E.**
**SUITE 206**
**TALLAHASSEE, FL  32308**

The original of your response must be filed with Clerk of the County Court, Civil Division, Jackson County Courthouse, 4445 Lafayette Street, Marianna, FL 32446.

Copies of all Court documents in this case, including Orders, are available at the Clerk of County Court's office.  You may review these documents, upon request.  You must keep the Clerk of the County Court's office notified of your current address.  Remember to keep a copy of your response for your own referral.

**THE STATE OF FLORIDA**

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED: *April 14, 2010*

**DALE RABON GUTHRIE**
CLERK OF THE ~~LEON~~ COUNTY COURT
JACKSON

By: *Jessica Moorman*
    Deputy Clerk

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR JACKSON COUNTY, FLORIDA

STATE OF FLORIDA,
*ex. rel.* FREDA COBB,
LYNN PADGETT,

      Plaintiff(s),

vs.                                    CASE NO:  2010-306-CA

THE UNITED STATES DEPARTMENT OF
JUSTICE, THE FEDERAL BUREAU OF
PRISONS, and UNICOR,

      Defendants.

_____/

### NOTICE OF HEARING

    PLEASE TAKE NOTICE the Plaintiffs, STATE OF FLORIDA, *ex. rel.* FREDA COBB, LYNN PADGETT, by and through the undersigned counsel has set for HEARING on APRIL 29, 2010 at 9:45 A.M., (C.S.T.), or as soon as the matter may be heard MOTION FOR TEMPORARY INJUNCTION before the HONORABLE HENTZ McCLELLAN in CHAMBERS at the JACKSON COUNTY COURTHOUSE, 4445 LAFAYETTE STREET, MARIANNA, FL 32446. *Thirty (30) minutes* has been reserved.

    *Please be governed accordingly.*

                                                    _____

                                                    H. RICHARD BISBEE, ESQUIRE
                                                    Florida Bar Number:  327808
                                                    PATRICK R. FRANK, ESQUIRE
                                                    Florida Bar Number: 0642770
                                                    KATHERINE L. VIKER, ESQUIRE
                                                    Florida Bar Number: 538531
                                                    LAW OFFICES OF H. RICHARD BISBEE, P.A.
                                                    1882 Capital Circle, N.E., Suite 206
                                                    Tallahassee, Florida 32308
                                                    (850) 386-5300 Telephone
                                                    (850) 219-0053 Facsimile
                                                    *Attorneys for the Plaintiffs*

cc: *Honorable Hentz McClellan*

FILED
2010 APR 26 AM 9:06
DALE RABON GUTHRIE
CLERK OF THE CIRCUIT COURT
JACKSON COUNTY FLORIDA

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR JACKSON COUNTY, FLORIDA

STATE OF FLORIDA,
*ex. rel.* FREDA COBB,
LYNN PADGETT,

      Plaintiff(s),

vs.                         CASE NO:  10-306-CA

THE UNITED STATES DEPARTMENT OF
JUSTICE, THE FEDERAL BUREAU OF
PRISONS, and UNICOR,

      Defendants.
_____/

## ATTORNEY AFFIDAVIT IN SUPPORT OF
## PETITION FOR TEMPORARY INJUNCTION

**COME NOWS**, attorney for the Plaintiffs, **PATRICK R. FRANK**, who, pursuant to the dictates of the *Florida Rules of Civil Procedure, Rule 1.610(a)(1)(B)*, provides the instant Affidavit in support of the Plaintiff's Petition for Temporary Injunction:

## AFFIDAVIT

STATE OF FLORIDA
COUNTY OF LEON

      I, **PATRICK R. FRANK**, after being duly sworn, deposes and states:

1. I am an adult male over the age of Eighteen (18) and, otherwise, competent to give the instant Affidavit.  I have personal knowledge of the matters set forth herein.

2. I am one (1) of the attorneys-of-record for the Plaintiffs in the instant lawsuit.

3. On or about March 31, 2010, correspondence was sent to the FCI Marianna both by facsimile transmission and United States Certified Mail outlining the

1

problems associated with the Unicor recycling program, requesting that
the recycling program be shut down, and noticing an intention of pursuing and
injunction against the recycling program in the event that the Defendant did
not shut the program down of its own volition. (Please refer to said corres-
pondence, as appended immediately hereto and marked as **Exhibit "1"**).

4. Thereafter, the undersigned counsel(s) received facsimile correspondence
   from senior counsel for the Federal Bureau of Prisons acknowledging receipt
   of the undersigned counsel's correspondence (*i.e.*, **Exhibit "1"**), and convey-
   ing an intention of attempting to remove any future proceedings to Federal
   Court. (Please refer to a true copy of said correspondence, as appended
   immediately hereto and marked as **Exhibit "2"**).

5. Plaintiffs' counsel responded to the aforementioned correspondence acknow-
   ledging receipt of senior counsel's letter and inquiring as to whether, in the
   interest of expedition, senior counsel would accept service of the injunction
   lawsuit in question. (Please refer to a true copy of said correspondence, as
   appended immediately hereto and marked as **Exhibit "3"**). To date, senior
   counsel has failed and/or refused to respond. Accordingly, the undersigned
   counsel has pursued notice and/or service of process through conventional
   service *vis a vis* service of process upon the Attorney General of the United
   States, the Director of the Bureau of Prisons, and the titular head of Unicor,
   and is currently awaiting confirmation of service of said process. Plaintiffs'
   counsel(s) has also conveyed the original Complaint to the instant action
   as well as a Notice of Hearing to senior counsel for the Defendant, Federal
   Bureau of Prisons via facsimile transmission. (Please refer to a true copy of
   said letter, with enclosures, as appended immediately hereto and marked
   as **Exhibit "4"**).

6. Plaintiffs' counsel(s) would, respectfully, submit that Plaintiffs' Motion for an
   *ex parte* Temporary Injunction should be granted for two (2) primary reasons:
   first, the undersigned counsel(s), has previously undertaken efforts to contact
   the senior counsel for the Bureau of Prisons who, ostensibly, will be handling
   the instant case, for the purpose of discussing the grave environmental issues
   attendant to this matter, as well as expediting service of process. The Plain-
   tiffs' counsel has received no response in this regard and the Defendant's
   counsel has engaged in deliberate dilatory tactics in specifically avoiding
   service of process.

7. The second reason, as set forth in the affidavits of Sandra McElevey and
   Delbert McKinney, two (2) current employees at FCI Marianna, the ongoing
   contamination of the Jackson County environment is a clear and present
   danger in need of immediate redress as continued pollution occurs each
   day that passes that Unicor continues to engage in recycling activities.

2

**FURTHER AFFIANT SAYETH NAUGHT.**

I have read the foregoing Affidavit and swear under penalty of perjury that it is true to the best of my knowledge.

PATRICK R. FRANK

**SWORN AND SUBSCRIBED** before me this 27th day of April, 2010, by Patrick R. Frank, who is personally known to me.

Notary Public
My Commission Expires:

(SEAL)

WENDY A. BESSY
Commission DD 707978
Expires September 16, 2011
Bonded Thru Troy Fain Insurance 800-385-7019

3

**EXHIBIT ONE (1)**

**H. RICHARD BISBEE, P.A.**
*A Professional Association*
**1882 Capital Circle, N.E.**
**Suite 206**
**Tallahassee, Florida  32308**
**Telephone:  (850) 386-5300**
**Facsimile:  (850) 219-0053**

March 31, 2010

Mr. Louis Eichenlaub—Warden
FCI--Marianna
3625 FCI Road
Marianna, Florida  32446          *conveyed via facsimile & U.S. Certified Mail*

Re:    *Unicor Recycling Program at FCI Marianna*

Dear Warden Eichenlaub:

Please be advised that this law firm represents a group of individuals residing in Jackson County, Florida, comprised of both concerned public citizenry, as well as former FCI Marianna employees and their families in connection with past and continuing personal and environmental contamination occurring as a result of the Unicor recycling program at the FCI Marianna facility.  As you are aware, recently there have been nominal efforts to perpetuate the illusion that the Marianna Unicor facility is an environmentally safe and employee safety regulation-compliant workplace.

To wit, from an investigation independently undertaken by this office, it has come to our attention that prior to the arrival of Mr. Randall Humm on behalf of the Office of Special Counsel, the majority—if not all—of the inmates who had participated in the recycling program were transferred to other facilities for the purpose of avoiding their respective healthcare monitoring.  We have also learned that your prison staff undertook special efforts to clean  the facility prior to Mr. Humm's investigation, a process which, apparently, included painting and sealing the areas where toxic dust had previously been allowed to accumulate for years.  It is also our understanding that recycling activities were halted at the facility in an effort to reduce the airborne toxins encountered by those conducting tests at the Marianna facility.

In or about December 22, 2009, a report was issued in conjunction with the Department of Health and Human Services which initially put this office on notice of the exposure as well as the environmental and health affects the toxins such as cadmium, lead, and borellium, have the potential to cause to the human physiognomy.

Since that time following that alarming disclosure of December 22, 2009, FCI Marianna has failed to take any of the steps recommended to prevent and/or stem the instance of pollution and/or exposure from toxic elements in said report—said report

1

recommended that a safety and health representative from the joint labor-management safety committee meet quarterly with Unicor management to address environmental concerns. By way of addition, a medical surveillance program for employees was supposed to be established. Further, NIOSH regulations called for the posting of the testing results at the facility for the benefit of staff and inmates. This, too, has not been done.

In addition to the troubling attempts to conceal the levels and/or nature of the exposure to toxins at the Marianna facility and the revelations of the December 22, 2009 report, it has also—most alarmingly—come to light that recent testing reveals that the airborne toxin levels at the Marianna continue to exceed OSHA-mandated levels. This is due to a combination of the failure to remediate the trailers in which the glass-breaking of the original CRT glass was initially broken, the failure to install appropriate air filtration systems, the failure to follow previous recommendations that such as on-site laundering to preclude the incident of ingestion of lead and other metals through exposure to contaminated clothing.[1]

All said and done, the most immediate issue to be addressed at this juncture is the ongoing incident of toxic materials leaving the Marianna facility by various means including, but not limited to, employee clothing and vehicles. The escape of these toxic—and sometimes radioactive—materials from the facility has created a scenario wherein the employees of FCI Marianna have been poisoned. The employees' families have been poisoned. Third-parties in the community have been poisoned. The water in Jackson County, Florida, has been contaminated and the peril continues in conjunction with the ongoing instance of contamination.[2]

In light of all of the foregoing, please be advised, that it is the intention of this firm to file a public nuisance lawsuit against FCI Marianna in the Jackson County Circuit Court which would, necessarily, seek both a temporary and, ultimately, permanent injunction against any and all Unicor recycling activities at the prison, pursuant to the *Florida Statutes, Section 825.01, et.seq.*

In order to perfect a claim under the pertinent statutory regime, it is required that the party seeking the prospective injunctive relief contact the party against whom said injunctive relief is sought and request that said party cease and desist with the activity constituting the public nuisance in question. Accordingly, please let this instant correspondence serve as Notice of this office's demand that any and all Unicor recycling activities taking place at FCI Marianna cease and desist at once. In the event that confirmation is not received by this office within three (3) days of the date of this correspondence, it is this office's intention of seeking the above-referenced injunction.

---

[1] The list of recommendations disregarded by the Marianna facility is too innumerable to provide an exhaustive list herein but also includes failure to adopt the appropriate HEPA vacuuming methods, *et.al.*
[2] During the course of our investigation, this office has also been approached by individuals who have provided information with respect to the unfettered dumping of toxic materials in cardboard boxes in various Jackson County and Calhoun County landfills which, ultimately, has infiltrated the counties' respective groundwaters.

Thank you for your attention and anticipated cooperation with respect to all of the foregoing.  Should you have any questions and/or concerns regarding the same, please do not hesitate to contact me.

Please be governed accordingly.

Sincerely,

Patrick R. Frank, Esq.
"Of Counsel"


Copies to:

Ms. Kathleen Kenney, Esq.
(Office of General Counsel/BOP)

**EXHIBIT TWO (2)**



**U.S. Department of Justice**

Federal Bureau of Prisons

RECEIVED
APR 0 6 2010
BY:

*Washington, D.C. 20534*

April 2, 2010

Patrick R. Frank, Esq.
1882 Capital Circle, N.E.
Suite 206
Tallahassee, Florida 32308

      Re:   UNICOR Recylcing Program at FCI Marianna

Dear Mr. Frank:

      Your letter addressed to the Warden at FCI Marianna on March 31, 2010, was forwarded to my attention. You indicate that your firm intends to file a public nuisance lawsuit against FCI Marianna in the Jackson County Circuit Court. Please be advised that if your firm does file a lawsuit in state court, the Government intends to request that the case be removed to Federal Court.

                    Sincerely,

                    Ann H. Zgrodnik
                    Senior Counsel
                    Litigation Branch

cc: Warden, FCI Marianna

**EXHIBIT THREE (3)**

**H. RICHARD BISBEE, P.A.**
*A Professional Association*
**1882 Capital Circle, N.E.**
**Suite 206**
**Tallahassee, Florida 32308**
**Telephone: (850) 386-5300**
**Facsimile: (850) 219-0053**

April 2, 2010

Ms. Ann H. Zgrodnik, Esq.
U.S. Department of Justice
Federal Bureau of Prisons
320 First Street, N.W.
Room 767
Washington, D.C. 20534        *conveyed via facsimile transmission*

      Re:    *Unicor Recycling Program at FCI Marianna*

Dear Ms. Zgrodnik:

      Please be advised that I am in receipt of your correspondence dated April 2, 2010 acknowledging receipt of this firm's letter demanding the cessation of all recycling activities at Marianna, Florida and the intention of pursuing a lawsuit against the same should the demand result in compliance, and thank you for the same.

      First, and by way of house-keeping at this juncture, please be advised that the aforementioned notification will be construed as the Bureau of Prison's denial and/or rejection of this office's demand that the Unicor recycling program be shut down at Marianna for the purpose of perfecting and/or satisfying conditions precedent for the anticipated nuisance claims pursuant to Florida statutory law.

      Second, in preparing the forthcoming lawsuit and/or claims embodied therein, it was anticipated that the government would attempt to remove the case to Federal Court—specifically, with respect to that end, it is our understanding that the Federal Anti-Injunction Act proscribes procedural tactics of this particular variety within the context of the claims anticipated in this case and—perhaps more specifically—prevents Federal Court intervention and/or interference in proceedings of this nature.

      Respectfully, however, given the gravity of the allegations and/or charges set forth in the correspondence you acknowledge receiving, one (1) might reasonably surmise that it might be within the ambit of the Bureau of Prison's mandate to attend to the safety and well-being of the public *vis a vis* actually attempting to investigate and/or attempt to remedy the problems at Marianna in lieu of dilatory forum-shopping. Genuine concern should be the proverbial "order of the day" and, candidly, it is somewhat startling that no one from the Bureau of Prisons has deigned to contact this office to follow-up

1

on the information provided in the correspondence at issue. Nevertheless, we will address the issue of "removal" accordingly at the time when it is raised.

Third—and finally—in light of your earlier correspondence, please advise if you will accept service of the Complaint on behalf of the Bureau of Prisons.

Thank you for your time and anticipated cooperation with respect to all of the foregoing. Should you have any questions and/or concerns, please do not hesitate to contact me.

Please be governed accordingly.

Sincerely,

Patrick R. Frank, Esq.
"Of Counsel"

2

**EXHIBIT FOUR (4)**

# LAW OFFICES OF H. RICHARD BISBEE, P.A.

### 1882 CAPITAL CIRCLE, N.E., SUITE 206
### TALLAHASSEE, FL 32308

TELEPHONE: 850-386-5300
FACSIMILE:   850-219-0053

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>**Ms. Ann H. Zgrodnik, Esq.** | FROM:<br>**Patrick Frank** |
|---|---|
| COMPANY: | DATE:<br>**04/27/2010** |
| FAX NUMBER:<br>**202-305-4577** | TOTAL NO. OF PAGES, INCLUDING COVER:<br>**16** |
| PHONE NUMBER: | CC: |

RE:
**Cobb, et.al. v. Unicor, et.al.**

☐ URGENT    X FOR REVIEW    X FOR RECORD    X PLEASE REPLY

NOTES/COMMENTS:

IF YOU DON RECEIVE ALL PAGES, PLEASE CALL 850-386-5300 AS SOON AS POSSIBLE
THE INFORMATION CONTAINED IN THIS TRANSMISSION IS ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL.
IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS
MESSGE IS NOT THE INTENDED RECIPIENT, YOU ARE HERBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY COLLECT TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESSS VIA US MAIL WE WILL REIMBURSE YOU FOR THE POSTAGE.
THANK YOU.

**H. RICHARD BISBEE, P.A.**
*A Professional Association*
**1882 Capital Circle, N.E.**
**Suite 206**
**Tallahassee, Florida  32308**
**Telephone:  (850) 386-5300**
**Facsimile:  (850) 219-0053**

April 27, 2010

Ms. Ann H. Zgrodnik, Esq.
U.S. Department of Justice
Federal Bureau of Prisons
320 First Street, N.W.
Room 767
Washington, D.C.  20534                    *conveyed via facsimile transmission*

       Re:    *Cobb v. Unicor, et.al.*

Dear Ms. Zgrodnik:

       Please find enclosed herein a courtesy copy of the Notice of Hearing and the Complaint in the above-styled action.

       Thank you for your time and anticipated cooperation with respect to all of the foregoing.  Should you have any questions and/or concerns, please do not hesitate to contact me.

       Please be governed accordingly.

Sincerely,

Patrick R. Frank, Esq.
"Of Counsel"

Enclosure(s):  *Complaint; &*
               *Notice of Hearing*

1

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR JACKSON COUNTY, FLORIDA

STATE OF FLORIDA,
*ex. rel.* FREDA COBB,
LYNN PADGETT,

      Plaintiff(s),

vs.                                                   CASE NO:  2010-306-CA

THE UNITED STATES DEPARTMENT OF
JUSTICE, THE FEDERAL BUREAU OF
PRISONS, and UNICOR,

      Defendants.

_____/

## NOTICE OF HEARING

    PLEASE TAKE NOTICE the Plaintiffs, STATE OF FLORIDA, *ex. rel.* FREDA COBB, LYNN PADGETT, by and through the undersigned counsel has set for HEARING on APRIL 29, 2010 at 9:45 A.M., (C.S.T.), or as soon as the matter may be heard MOTION FOR TEMPORARY INJUNCTION before the HONORABLE HENTZ McCLELLAN in CHAMBERS at the JACKSON COUNTY COURTHOUSE, 4445 LAFAYETTE STREET, MARIANNA, FL 32446. *Thirty (30) minutes* has been reserved.

    *Please be governed accordingly.*

                              _____

                              H. RICHARD BISBEE, ESQUIRE
                              Florida Bar Number:  327808
                              PATRICK R. FRANK, ESQUIRE
                              Florida Bar Number: 0642770
                              KATHERINE L. VIKER, ESQUIRE
                              Florida Bar Number: 538531
                              LAW OFFICES OF H. RICHARD BISBEE, P.A.
                              1882 Capital Circle, N.E., Suite 206
                              Tallahassee, Florida 32308
                              (850) 386-5300 Telephone
                              (850) 219-0053 Facsimile
                              *Attorneys for the Plaintiffs*

cc: *Honorable Hentz McClellan*

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR JACKSON COUNTY, FLORIDA

STATE OF FLORIDA,
*ex. rel.* FREDA COBB,
LYNN PADGETT,

      Plaintiff(s),

vs.

                           CASE NO: 10 - 306  CA

THE UNITED STATES DEPARTMENT OF
JUSTICE, THE FEDERAL BUREAU OF
PRISONS, and UNICOR,

      Defendants.
_____/

## VERIFIED COMPLAINT FOR
## INJUNCTIVE RELIEF

**COME NOW**, the Plaintiffs, **FREDA COBB** and **LYNN PADGETT**, private

citizens in the name of the State of Florida, bring the following verified Complaint

against the United States of America, the United States Department of Justice, the

Federal Bureau of Prisons, and Unicor, for maintaining a public nuisance in violation of

the *Florida Statutes, Chapter 823.05(1).*

## JURISDICTIONAL ALLEGATIONS:

    1.  Plaintiffs are private citizens residing in Jackson County, Florida, who bring

this suit in the name of the State of Florida as authorized by the *Florida Statutes, Chapter*

*60.05.*

    *2.*  Venue is proper in Jackson County, Florida in accordance with the *Florida*

*Statutes, Chapter 47.011*, as the cause of action arises in, and the prison facility and/or

its programs which constitute the subject of this instant cause of action is located in

Jackson County, Florida.

1

**GENERAL ALLEGATIONS:**

3.  Plaintiffs are private citizens who bring this instant lawsuit in the name of the State of Florida.

4.  The Plaintiffs enumerated herein are residents of Jackson County, Florida and are all former employees of the Defendant, Federal Bureau of Prisons, and the Defendant, Unicor, at the Federal prison facility indentified as FCI Marianna in Marianna, Florida.

5.  The Defendant, the U.S. Department of Justice (hereinafter to be referred to as the "DOJ"), is the supervisory entity to the Defendant, the Federal Bureau of Prisons (hereinafter to be referred to as "he "BOP"), which is a department and/or subsidiary of The Defendant, the DOJ.

6.  The Defendant, Unicor, is a quasi-public/private corporate endeavor wholly owned and/or operated by the Defendant, the BOP.

7.  The Defendant, BOP, manages and/or operates multiple Federal prison facipities throughout the country including, but not limited to, the Federal prison facility previously identified herein as FCI Marianna.

8.  FCI Marianna had previously been a military base prior to its subsequent demolition and conversion into a Federal prison facility in the former portion of the 1980's.

9.  At the various facilities operated by the Defendant, BOP, prison labor has been utilized under the ambit of the corporate Defendant, Unicor.  Prior to the inception of a comprehensive computer and medical equipment recycling program, the FCI Marianna specialized in the production of office furniture.

10. Subsequent to the close of furniture production activities, FCI Mariana

began conducting recycling operations therein.

11. In essence, computer and medical equipment from various government agencies began to be shipped in cargo trucks to FCI Marianna. Upon arrival at the prison in Marianna, the services of the inmates would be employed for the purpose of recycling any valuable components among said medical and computer equipment.

12. This process entailed demolishing and/or breaking computer monitors and other implements with the intention of salvaging precious metals, etc. The computer equipment that survived transport and the subsequent demolition intact has been re-sold to third party vendors, as well as individuals in Jackson County who came to the prison on designated days and participated in a "flea market style" purchase of computer goods.

13. During the course of establishing and/or maintaining the recycling program, the Defendants never deigned to establish safety protocols associated with the handling, sale, recycling, demolition, or inmate/prison employee interaction with the materials released into the environment when the computer equipment in question was broken and/or demolished.

14. To wit, the monitors that were—and are—being broken at FCI Marianna in connection with the recycling program contain, literally, several pounds of toxic metals including lead, cadmium, and borellium, which have been—and are—being released into the environment and causing individuals to suffer personal exposure in the form of inhalation and tactile contact with the metal dust.[1]

15. Over the years, inmates have walked throughout the prison with dust on their clothes causing everyone with whom they have come in contact with to suffer exposure.

---

[1] It is worthy of note that for a period of years, and even as recently as the date of the drafting of this instant Complaint, the inmates and/or prison personnel have not been provided respirators and no safety protocols have been instituted to quarantine toxic dust from getting outside into the environment.

corrections officials including, but not limited to, the Plaintiff, Freda Cobb, have had the dust all over their uniforms and brought the dust home to their families, having been none the wiser with respect to the adverse medical effects at the time.

16. Since the inception of the recycling program, innumerable prison employees, their families, inmates, and people in the community of Jackson County at large have fallen ill in connection with exposure. In excess of Fifteen (15) Persons have died to date from complications associated with exposure.

17. The Defendants performed a perfunctory review and/or investigation into the operations of FCI Marianna but were apparently frustrated in said review due to the fact that efforts were undertaken by Unicor personnel at the Marianna facility to clean the building and paint it prior to the arrival of inspectors so as to scuttle and/or distort the nature of the exposure occurring therein.

18. The Defendants also arranged for the transfer of inmates who were involved in the recycling program to prevent inspectors from learning about the lack of environmental procedures and/or protocols at the Marianna facility in conjunction with the fact that many inmates had fallen ill.[2]

19. Despite the skewed testing results deriving from the chicanery of the Defendants' agents and/or representatives, multiple recommendations have been recently given to the Marianna facility designed to stop the dissemination and/or outside, environmental exposure to toxic metals at FCI Marianna.

20. Pursuant to the Affidavits of both Delbert McKinney and Sandra McElvey, two (2) corrections officers who currently still work at FCI Marianna, toxic metals are

---

[2] Marianna Associate Warden Sanchez issued a memorandum at the time threatening to terminate anyone who divulged any information about clean-up or other activities at FCI Marianna.

still getting out into the environment on employees' and prisoners' clothing, broken

monitors emanating toxic dust have been placed in cardboard boxes and transferred

openly out of the facility on trucks and even been buried in the local landfill where

they have likely infiltrated the water supply.

21. Officers McKinney and McElvey both verify that the environmental regula-

tions and/or protocols mandated by the investigators subsequent to a review of the faci-

lity are not being followed and contaminated items are being washed on the premises

with inmate clothing causing further spread and/or dissemination of toxic materials.[3]

22. Toxic dust from FCI Marianna is being expelled and/or released into the

environment-at-large in Jackson County, Marianna to this day and multiple persons

have lost and/or continue to lose their lives due to illness.

23. The *Florida Statutes, Chapter 823.05(1)*, provides that "whoever shall erect,

establish, continue, or maintain, own or lease any building, booth, tent or place which

tends to annoy the community or injure the health of the community, or become mani-

festly injurious to the morals or manners of the people as described in s. 823.01, or any

house or place of prostitution, assignation, lewdness or place or building where games of

chance are engaged in violation of law or any place where any law of the state is violated,

shall be deemed guilty of maintaining a nuisance, and the building, erection, place, tent or

booth and the furniture, fixtures, and contents are declared a nuisance.  All such places or

persons shall be abated or enjoined as provided in ss. 60.05 and 60.06".

24. The Defendants collectively own and continue to operate and maintain the

---

[3] One (1) of the safety directives given to Marianna by inspectors was to ensure for the separate and/or isolated washing of clothes of persons associated with the recycling program on the premises so as to avoid instances of corrections officers bringing dust outside the prison and home to their families.  This, of course, has not been implemented.  Please refer to the Affidavits of Officers McKinney and McElvey, as appended hereto and marked as Exhibits **"1"** and **"2"**, respectively.

recycling program at the FCI Marianna facility in flagrant disregard for the health,

safety, and/or well-being of Jackson County, Florida, in violation of the *Florida Statutes,*

*Chapter 823.05(1)*.  The Plaintiffs have satisfied all conditions precedent to the main-

tenance of the instant action and/or said conditions precedent have been, otherwise,

waived by the Defendants enumerated herein.

**COUNT ONE (1)**
**CLAIM FOR TEMPORARY INJUNCTIVE RELIEF**

25. Plaintiffs hereby reassert and incorporate by reference Paragraphs One (1)

through Twenty-Four (24), as if set forth in their entirety herein.

26. As contemplated and/or provided for the Florida Statutes, Chapter 60.05, the

Plaintiffs request a temporary injunction against the Defendants' operation of any recy-

cling activity at FCI Marianna.

27. Plaintiffs request, in order to preserve the status quo of the case, that the De-

fendants be enjoined from pursuing or adopting any regulations and/or protocols affec-

ting the evidence attendant to the instant matter.

28. Plaintiffs recognize that certain places seeking to be enjoined as a public nui-

sance by this suit affect the public-at-large.  Therefore, the Plaintiffs request that the De-

fendants be enjoined from operating, maintaining, and/or engaging in any recycling acti-

vities including, but not limited to, the transfer from—or receipt of—any recycling

materials, computer and/or medical equipment intended for recycling at FCI Marianna; to

the fullest extent possible without harming or adversely affecting essential services criti-

cal to the public welfare.

## COUNT TWO (2)
## CLAIM FOR PERMANENT INJUNCTIVE RELIEF

29. Plaintiffs reallege and incorporate by reference Paragraphs One (1) through Twenty-Four (24), and Paragraphs Twenty-Six (26) through Twenty-Seven (27), as if set forth in their entirety herein.

30. Pursuant to the *Florida Statutes, Chapter 60.05*, the Plaintiffs request a permanent injunction against the Defendants.

31. Plaintiffs request Defendants be ordered to completely abate all public nuisances named in this verified Complaint including all recycling activities at the FCI Marianna facility in Jackson County, Florida.

WHEREFORE, Plaintiffs pray for the following relief against the Defendants:

1.) A temporary injunction enjoining the Defendants from pursuing any and all recycling activities at the FCI Marianna facility;

2.) A temporary injunction enjoining the Defendants from drafting, imposing, and/or otherwise implementing any safety protocols affecting the subject recycling program or cleaning/destroying/spoiling evidence related to said recycling program;

3.) A permanent injunction ordering the Defendants to completely abate all public nuisances set forth in this instant verified Complaint including the operation of the Unicor recycling program and the attendant pollution activities associated therewith;

4.) Award of litigation costs including, but not limited to, attorney' fees and costs, as provided for by the *Florida Statutes, Chapter 60.05*.

5.) Any such other relief as this Court should deem equitable and just.

7

**UNDER PENALTY OF PERJURY, I SWEAR OR
AFFIRM THAT THE ALLEGATIONS ABOVE
ARE TRUE TO THE BEST OF MY KNOWLEDGE
AND BELIEF.**

Respectfully Submitted:


By: _Freda Cobb_____
      Freda Cobb, Plaintiff

**STATE OF FLORIDA
COUNTY OF LEON**

   **SWORN AND SUBSCRIBED** to by **FREDA COBB**, who (   ) is Personally

known to me; or (✓) provided FL ID#: _C100 247 60 720 0_ ,

as identification

H. RICHARD BISBEE
Commission # DD 961662
Expires April 9, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

                                         _____
                                         Notary Public
                                         My Commission Expires:

(SEAL)

                                         _____
                                         Patrick R. Frank, Esq.
                                         Florida Bar Number: 0642770
                                         "Of Counsel"
                                         Katherine Viker, Esq.
                                         Florida Bar Number: 538531
                                         H. Richard Bisbee, P.A.
                                         1882 Capital Circle, N.E.
                                         Suite 206
                                         Tallahassee, Florida 32308
                                         Telephone: (850) 386-5300
                                         Facsimile: (850) 219-0053
                                         Attorney(s) for Plaintiffs

**EXHIBIT ONE (1)**

## AFFIDAVIT

**STATE OF FLORIDA**
**COUNTY OF LEON**

    **I, DELBERT McKINNEY**, after being duly sworn, deposes and states:

1. I am an adult male over the age of Eighteen (18) Years and, otherwise, competent to give the instant affidavit. I have personal knowledge of the matters set forth herein.

2. I am currently employed in the capacity as a Corrections Officer with the Federal Bureau of Prisons in Marianna, Florida.

3. I have directly observed and worked with the recycling operations managed and/or maintained by the Federal Bureau of Prisons and Unicor.

4. During the course of the last year, inspectors have come to the Federal prison in Marianna, Florida to conduct testing and/or perform inspections of the facilities in connection with the recycling program occurring on the premises.

5. Prior to the arrival of the individuals performing testing at the facility, the entire recycling factory was extensively cleaned, painted and sealed. During the time testing occurred, the recycling operations were brought to a halt until such time as the testing was completed. Employees of Unicor were threatened by management if any information was divulged with regard to the clean-up operation.

6. Sometime after the testing was performed, safety protocols and/or recommendations were made to prevent and/or minimize worker and/or civilian exposure to toxic dust contained in the computers recycled at the Marianna facility.

7. Despite recommendations to the contrary, the semi-trailers and/or trucks which are used to transport the computer equipment for recycling have been inundated with broken glass and/or toxic dust on the beds/floors of the same. these trailers and/or trucks are entering and/or exiting the facility on a daily basis with staff, inmates, and civilians in regular contact with the same.

8. Virtually all of the safety protocols recommended to be followed in connection with the above-styled inspections have not been followed—to wit, the directive to use vacuuming in lieu of sweeping toxic dust has not been followed. Separate laundering facilities to isolate the toxic dust on clothing

1

were supposed to be established to contain the toxic dust and prevent in-inmates from carrying the dust into the prison population as well as prison employees taking toxic dust home to their families. By way of addition, the rags used to clean the facility which are covered in lead solvent and the very same toxic dusts giving rise to the need for cleaning have been routinely washed with inmate clothing, thereby creating cross-contamination and continuing environmental health concerns.

**FURTHER AFFIANT SAYETH NAUGHT.**

I have read the foregoing affidavit and swear under penalty of perjury that it is true to the best of my knowledge.

DELBERT McKINNEY

Sworn to and subscribed before me this 13 day of April, 2010, by Delbert McKinney, who provided FL ID# M 25 0 172 54 401-0 , as identification.

H. RICHARD BISBEE
Commission # DD 961662
Expires April 9, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

Notary Public
My Commission Expires:

(SEAL)

2

**EXHIBIT TWO (2)**

## AFFIDAVIT

**STATE OF FLORIDA**
**COUNTY OF LEON**

**I, SANDRA McELVEY**, after being duly sworn, deposes and states:

1. I am an adult female over the age of Eighteen (18) Years and, otherwise, competent to give the instant affidavit. I have personal knowledge of the matters set forth herein.

2. I am currently employed in the capacity as a Corrections Officer with the Federal Bureau of Prisons in Marianna, Florida.

3. I have directly observed and have knowledge about the recycling operations managed and/or maintained by the Federal Bureau of Prisons and Unicor.

4. During the course of the last year, inspectors have come to the Federal prison in Marianna, Florida to conduct testing and/or perform inspections of the facilities in connection with the recycling program occurring on the premises.

5. Prior to the arrival of the individuals performing testing at the facility, the entire recycling factory was extensively cleaned, painted and sealed. During the time testing occurred, the recycling operations were brought to a halt until such time as the testing was completed.

6. Sometime after the testing was performed, safety protocols and/or recommendations were made to prevent and/or minimize worker and/or civilian exposure to toxic dust contained in the computers recycled at the Marianna facility.

7. Despite recommendations to the contrary, the semi-trailers and/or trucks which are used to transport the computer equipment for recycling have been inundated with broken glass and/or toxic dust on the beds/floors of the same. these trailers and/or trucks are entering and/or exiting the facility on a daily basis with staff, inmates, and civilians in regular contact with the same.

8. Virtually all of the safety protocols recommended to be followed in connection with the above-styled inspections have not been followed—to wit, the directive to use vacuuming in lieu of sweeping toxic dust has not been followed. Separate laundering facilities to isolate the toxic dust on clothing were supposed to be established to contain the toxic dust and prevent in-inmates from carrying the dust into the prison population as well as prison

1

employees taking toxic dust home to their families.

### FURTHER AFFIANT SAYETH NAUGHT.

I have read the foregoing affidavit and swear under penalty of perjury that it is true to the best of my knowledge.

_____
SANDRA McELVEY

Sworn to and subscribed before me this 13ᵗʰ day of April, 2010, by Sandra McElvey, who provided FL ID# M24,784,64 8 08 0 , as identification.


H. RICHARD BISBEE
Commission # DD 961662
Expires April 9, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Notary Public
My Commission Expires:

(SEAL)

2

04/27/2010 TUE 15:04                                iR3025                              ☑001

```
                                    *****************
                                    *** TX REPORT ***
                                    *****************


        JOB NO.                2189
        ST. TIME               04/27 15:00
        PGS.                   17
        SEND DOCUMENT NAME

        TX/RX INCOMPLETE       -----
        TRANSACTION OK         12023054577
        ERROR                  -----
```

# LAW OFFICES OF H. RICHARD BISBEE, P.A.

## 1882 CAPITAL CIRCLE, N.E., SUITE 206
## TALLAHASSEE, FL 32308

### TELEPHONE: 850-386-5300
### FACSIMILE: 850-219-0053

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| **Ms. Ann H. Zgrodnik, Esq.** | **Patrick Frank** |
| COMPANY: | DATE: |
|  | **04/27/2010** |
| FAX NUMBER: | TOTAL NO. OF PAGES, INCLUDING COVER: |
| **202-305-4577** | **16** |
| PHONE NUMBER: | CC: |

RE:
*Cobb, et.al. v. Unicor, et.al.*

☐ URGENT    X FOR REVIEW    X FOR RECORD    X PLEASE REPLY

NOTES/COMMENTS: