IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STATE OF FLORIDA, *ex rel.* FREDA
COBB, LYNN PADGETT,

    Plaintiff,

vs.                            CASE NO. 5:10-cv-118/RS-MD

UNITED STATES DEPARTMENT
OF JUSTICE, ET AL.

    Defendants.
_____/

## ORDER

Before me is Defendants' Motion to Dismiss (Doc. 15) and Plaintiff's Objection to the Defendants' Motion to Dismiss (Doc. 25).

### I. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of claims for "lack of subject-matter jurisdiction." *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citations omitted). A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings. Matters outside the pleadings, such as testimony and affidavits, are considered. *Id*. In a facial attack, on the other hand, the court examines whether the complaint has sufficiently alleged subject-matter jurisdiction and construes the complaint in the light most favorable to Plaintiff and accepts all facts

alleged in the complaint as true. *Id*; *Trimble v. United States Soc. Sec.*, 2010 U.S. App. LEXIS 4811, at *8 (11th Cir. 2010).

## II. Background

Plaintiff, the State of Florida *ex rel.*, alleges that the US Department of Justice ("DOJ"), the Federal Bureau of Prisons ("FBP"), and Federal Prison Industries, Inc. ("UNICOR"), operate an electronics recycling program at the Federal Correctional Institute in Marianna, Florida ("FCI Marianna") as a public nuisance in violation of FLA. STAT. § 823.05(1) (2009). Plaintiff seeks both temporary and permanent injunctive relief to prohibit all recycling activities.

## III. Discussion

### A. Standing and *Parens Patriae*

Article III of the United States Constitution limits the role of the federal judiciary to resolving cases and controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-560, 112 S. Ct. 2130, 2136 (1992). Standing is a core component of this Article III requirement that must be established by litigants before a court may exercise jurisdiction over their claims. *Id*. at 560, 112 S. Ct. at 2136. The doctrine of standing requires (1) that Plaintiff must have suffered an injury-in-fact; (2) that there must be a causal connection between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative that the injury will be redressed by a favorable decision. *Id* at 560-561, 112 S. Ct. at 2136.

To support standing, general factual allegations of injury resulting from the Defendants' conduct may suffice at the pleading stage. On a motion to dismiss, the court

"presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Id*. at 561, 112 S. Ct. at 2137.

In general, a state has standing where it has suffered an injury (1) to its sovereign interest; (2) to some proprietary interest; or (3) to its quasi-sovereign or *parens patriae* interest. *Chiles v. Thornburgh*, 865 F.2d 1197, 1208 (11th Cir. 1989). However, a state does not have standing as *parens patriae* to bring an action against the federal government to vindicate the rights of its citizens. *Id*. at 1209. The rationale is that, as between sovereigns, the US government most properly represents citizens as *parens patriae*. *See Alfred L. Snapp & Son, Inc. v. PR,* 480 U.S. 592, 610 n.16, 102 S. Ct. 3260, 3270 n.16 (1982) (*citing Massachusetts v. Melon*, 262 U.S. 447, 485-486, 43 S. Ct. 597, 600-601 (1923)).

Plaintiff alleges that Litigant Cobb (Doc. 1. Attach. 1, p. 4), prison employees, their families, and people in the community of Jackson County (Doc. 1. Attach. 1, p. 4), and prison inmates (Doc. 1, Attach. 1, p.3) have been injured from exposure to toxic substances from the Defendants' electronics recycling program. These allegations can best be characterized as injuries to the health and welfare of the state's citizens.[1] Thus, these are injuries to the state in its function as *parens patriae*, *Massachusetts v. EPA*, 549 U.S. 497, 519, 127 S. Ct. 1438, 1454 (2007); *Alfred L. Snapp & Son, Inc.,* 480 U.S. at 607, 102 S. Ct. at 3269; *N.D. v. Minn.*, 263 U.S. 365, 375-376, 44 S. Ct. 138, 140 (1923);

---

[1] These alleged injuries are not to the state's sovereign interests or proprietary interests. Sovereign interests are the state's ability to exercise power within its jurisdiction and the demand for recognition from other sovereigns of its boarders and the like. Proprietary interests are those associated with the state acting like other associations or private parties such as owning land or participating in a business venture. *See Alfred L. Snapp*, 480 U.S. at 601-03, 102 S. Ct. at 3265-66.

*Chiles*, 865 F.2d at 1208, and, therefore, cannot be maintained against the US government.[2]

Plaintiff contends that the suit is "not an attempt to promote the 'general welfare' of the populace of the State of Florida in its entirety, but, rather, it is a targeted attempt to protect . . . [Jackson County]." (Doc. 25, p. 4). Without citing any authority, Plaintiff invites the court to alter the plain meaning of FLA. STAT. § 60.05 (2009) which allows a citizen to sue "in the name of the *state*" (emphasis added). It is by virtue of this statute that Plaintiff has made its nuisance claim, and an attempt to alter the statute's plain meaning and historical interpretation is ineffective to escape the conclusion that Plaintiff acts as *parens patriae* and, thus, must be dismissed for the reasons stated above. *See, e.g., Kathleen Citrus Land Co. v. City of Lakeland*, 124 Fla. 659, 662, 169 So. 356, 358 (1936) ("When authority to bring a suit to suppress a nuisance is properly conferred upon a private citizen the suit is in effect one instituted on behalf of the public and in which the real complaintant to the same extent as though the suit were brought by the Attorney General.").

### B. Sovereign Immunity

The doctrine of sovereign immunity precludes the US government and its agencies from being sued without the government's consent. *Ishler v. Internal Revenue*, 237 Fed. Appx. 394, 397 (11th Cir. 2007). Consent to be sued is a prerequisite for jurisdiction,

---

[2] Defendants DOJ and FBP are government entities. UNICOR is a government-owned corporation, *Core Concepts of Fla., Inc. v. United States*, 327 F.3d 1331, 1333 (Fed. Cir. 2003), and is also an executive agency. 5 U.S.C. § 105 (2009); *Galvan v. Federal Prison Indus.*, 199 F.3d 461, 463 (D.C. Cir. 1999). All are entitled to protection from suits brought by states as *parens patriae.*

*Trimble,* 2010 U.S. App. LEXIS 4811, at *8, and must be "unequivocally expressed" in statutory text to act as a waiver of sovereign immunity. *Gomez-Perez v. Potter*, 553 U.S. 474, 128 S. Ct. 1931, 1942-43 (2008) (*citing Lane v. Peña*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096 (1996)). Because Plaintiff bears the burden of establishing subject matter jurisdiction, Plaintiff must prove an explicit waiver of immunity. *Ishler*, 237 Fed. Appx. at 398.

The doctrine of sovereign immunity applies to all suits against the United States government. Actions are against the government where "the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Ishler*, 237 Fed. Appx. at 398 (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985)). Plaintiff's request for equitable relief, if granted, would, by the very nature of Plaintiff's request, restrain the government from acting – namely, by enjoining it from operating its recycling facilities. For Plaintiff to proceed, therefore, it must overcome the sovereign's immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). This immunity extends not only to DOJ and FBP but to UNICOR. See *Sprouse v. Federal Prison Industries, Inc.*, 480 F.2d 1, 1-4 (5th Cir. 1973) (noting that even though a wholly owned government corporation, self-sufficient, incorporated in the District of Columbia and, like a private corporation, managed by a board of directors, a claim against UNICOR is "essentially one against the United States" and barred by the doctrine of sovereign immunity).

In this action, Plaintiff has not established a basis for any waiver of sovereign immunity.  The Federal Tort Claims Act creates a cause of action only for those seeking "money damages" and, thus, is of no moment to Plaintiff who requests injunctive relief.  28 U.S.C. § 1346(b) (2009).  Likewise, Plaintiff's reliance on the Administrative Procedure Act ("APA") is misplaced.  Citing *Miccosukee Tribe of Indians v. United States*, 680 F. Supp. 2d 1308 (S.D. Fla. 2010), Plaintiff contends that the APA is a general waiver of sovereign immunity for suits where a non-monetary remedy is sought.  The *Miccosukee* decision does not operate as a blanket waiver of immunity and is not binding on this court.  Rather, *Miccosukee* is premised, in part, on *Panola Land Buyers Assoc. v. Shuman*, 762 F.2d 1550, 1555-56 (11th Cir. 1985) which held that claims seeking permanent injunctions are barred by sovereign immunity because such claims interfere with public administration.  Because enjoining the UNICOR recycling program would clearly interfere with public administration (i.e., the Government's administration of its recycling program) and restrain the government's actions (i.e., by enjoining the operation of the program), Plaintiff's requested relief is against the sovereign, as set forth in *Panola*, 762 F.2d at 1556, for which the sovereign is entitled to immunity.  Accordingly, the Government Defendants are entitled to sovereign immunity as to Plaintiff's claims for injunctive relief.

## IV. Conclusion

**IT IS ORDERED:**

1.  Government Defendants' Motion to Dismiss (Doc. 15) is **granted with prejudice.**

2.  The clerk is directed to close the case in its entirety for all purposes.

**ORDERED** on August 12, 2010

                                      /S/ Richard Smoak
                                      **RICHARD SMOAK**
                                      **UNITED STATES DISTRICT JUDGE**